UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERARDO CAPILLA-TORRES,

               Petitioner,

    v.

WARDEN NORTHWEST ICE
PROCESSING CENTER, et al.,

               Respondents.

CASE NO. C26-2138JLR

ORDER

## I.   INTRODUCTION

Before the court is *pro se* Petitioner Gerardo Capilla-Torres's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Pet. (Dkt. # 1); *see also* Torres Decl. (Dkt. # 2).) The Government[1] opposes the petition.  (Return (Dkt. # 8).)  Petitioner did not file a

---

[1] The Federal Respondents are Secretary of the United States Department of Homeland Security, the Attorney General of the United States, and the Immigration and Customs Enforcement ("ICE") Seattle Field Office Director (collectively referenced herein as the "Government").  (*See* Pet. at 1.)

ORDER - 1

traverse.  (*See generally* Dkt.)  The court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES the petition.

## II.   BACKGROUND

Petitioner is a citizen of Mexico presently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.  (Pet. at 1; Truong Decl. (Dkt. # 10) ¶¶ 3, 12.)  On June 6, 2009, United States Border Patrol encountered Petitioner near Naco, Arizona, and he voluntarily returned to Mexico the following day.  (Truong Decl. ¶¶ 4-5.)  On February 19, 2014, Petitioner entered the United States at the Loredo Juarez-Lincoln Bridge in Texas on a B-2 nonimmigrant visa with authorization to remain until November 20, 2014.  (*Id*. ¶ 6.)  Petitioner remained in the United States beyond his authorized stay.  (*Id*.)  On July 4, 2023, the St. George City, Utah, charged Petitioner with possession of controlled substance (marijuana/spice), a class B misdemeanor.  (*Id*. ¶ 7.)  On September 19, 2023, Petitioner entered a guilty plea and the Fifth Judicial District Court in Washington County, Utah, convicted Petitioner of that charge, assessed Petitioner a $690.00 fine, and ordered him to complete a "book and release" process at the court.  (*Id*. ¶ 8; *see also* Andrade Decl. (Dkt. # 9) ¶ 3, Ex. G (Conviction Record).)

On May 5, 2026, the Government placed Petitioner in federal custody as part of a targeted enforcement operation, issued Petitioner a Notice to Appear ("NTA") and charged him as removable.  (Truong Decl. ¶ 11; Andrade Decl. ¶ 2, Ex. A (NTA); *id*. ¶ 2, Ex. B (Warrant).)  On May 12, 2026, the Government transferred Petitioner to the NWIPC, where he has since remained.  (Truong Decl. ¶ 12.)  On May 18, 2026, an

ORDER - 2

Immigration Judge ("IJ") held a bond hearing and denied bond, determining that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) based on his state conviction for possession of a controlled substance. (*Id.* ¶ 13.)

On May 25, 2026, the Government amended the prior charges of inadmissibility/deportability and replaced them with charges under 8 U.S.C. § 1227(a)(1)(B) alleging that Petitioner remained in the United States beyond his authorized stay, and under 8 U.S.C. § 1227(a)(2)(B)(i) based on his controlled substance conviction. (*Id.* ¶ 14.) On June 2, 2026, Petitioner appealed the IJ's bond denial to the Board of Immigration Appeals. (*Id.* ¶ 16.) On June 16, 2026, Petitioner appeared at a master calendar hearing and admitted to remaining in the United States beyond his authorized period. (*Id.* ¶ 17.) At that time, the Government withdrew the controlled substance charge. (*Id.*) Petitioner is scheduled for a master calendar hearing on July 8, 2026. (*Id.* ¶ 18.)

On June 18, 2026, Petitioner filed the instant petition seeking his immediate release under appropriate conditions of supervision pending resolution of his removal proceedings. (*See generally* Pet.) The petition is now fully briefed and ripe for the court's consideration.

### III.   ANALYSIS

Habeas petitioners must provide by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

ORDER - 3

**A.      Petitioner Fails to Establish a Due Process Violation.**

Petitioner asserts that because (1) the Government failed to provide him with a constitutionally adequate bond hearing, and (2) he "has no criminal history, has strong community ties, and has complied with all prior immigration requirements[,]" his detention is "arbitrary and unreasonable" and thus violates the Due Process Clause.  (Pet. at 2.)  In response, the Government asserts, in pertinent part, that Petitioner fails to establish a Due Process violation.  (Return at 9-11.)  The court agrees with the Government.

Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, provides the statutory framework for the arrest, detention, and release of noncitizens in removal proceedings.  As a default rule, 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 U.S.C. § 1226(a)).  This discretionary framework vests the Government with broad authority to either release or detain an individual, providing multiple layers of administrative review.  *Id.*  Specifically, § 1226(a) guarantees "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  *Id.* at 1202.

By contrast, 8 U.S.C. § 1226(c) carves out a mandatory exception to this discretionary authority.  Under this provision, a noncitizen who is inadmissible or deportable by reason of having committed certain criminal offenses covered in 8 U.S.C.

ORDER - 4

§ 1182(a)(2) is subject to mandatory detention during the pendency of their removal proceedings.  8 U.S.C. § 1226(c).

The record shows that the IJ afforded Petitioner a bond hearing and determined that Petitioner is subject to mandatory detention under § 1226(c).  (*See* Andrade Decl.¶ 3, Ex. F (IJ Order).)  Specifically, the IJ reasoned that due to Petitioner's controlled substance conviction, he is inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and thus subject to mandatory detention.  (*See generally* IJ Order.)  Although the Government subsequently withdrew the controlled substance charge in the underlying removal proceedings, the withdrawal of a removal charge does not divest the immigration court of its initial mandatory detention authority based on an inadmissible offense.  *See Nielsen v. Preap*, 586 U.S. 392, 409, 418 (2019) (providing that detention under Section 1226(c) is mandatory and that the Attorney General "must arrest those guilty of a predicate offense").  Accordingly, the court determines that Petitioner received a constitutionally adequate bond hearing and remains subject to mandatory detention during the remainder of his removal proceedings.

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES petitioner's petition for a writ of habeas corpus (Dkt. # 1).

Dated this 29th day of July, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 5